IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDITH ROECKER          :
                        :
    v.                  :    CIVIL NO. CCB-12-1651
                        :
McDONALD'S CORPORATION  :

...o0o...

# MEMORANDUM

Plaintiff Judith Roecker sued her former employer, the McDonald's Corporation, alleging pregnancy discrimination under Title VII, the Pregnancy Discrimination Act, and the Maryland Code in the delay of a promotion; she also alleged constructive discharge. Now pending is McDonald's motion for summary judgment. In response, Ms. Roecker concedes that she cannot meet the Fourth Circuit standard for constructive discharge, but opposes the motion as to the delay or denial of promotion.

## BACKGROUND

Ms. Roecker was hired at a McDonald's restaurant in Frederick, Maryland in May 2010 as a "crew member" and in late June 2010 was promoted to "crew trainer" by restaurant manager Priscilla Czapko. Ms. Czapko then enrolled Ms. Roecker in McDonald's management training program, which included three components: classroom work; shift certification; and an interview to be conducted by a higher level supervisor, operations manager Christina Kitsios. The classroom training began in August 2010. In September 2010, Ms. Roecker informed Ms. Czapko that she was pregnant. Although she states that Ms. Czapko "dragged her feet" in scheduling the remaining training courses, (Roecker Dep., ECF No. 42-2, at 104), Ms. Roecker was able to complete the coursework section by December 2010. Ms. Czapko made positive comments about Ms. Roecker's progress. (Training Class Completion Record, ECF No. 42-6).

1

According to Ms. Roecker, and taken as true for the purposes of this motion, she inquired of Ms. Czapko in January 2011 about the next stages needed for promotion (shift certification and an interview) and was told by Ms. Czapko that McDonald's would delay her promotion until after she had her baby and returned to work to avoid a possible problem with management turnover. (Roecker Dep. at 68-69).[1] Ms. Roecker was not in fact able to obtain the shift certification or the interview before going out on maternity leave. When she asked Ms. Kitsios about the interview, Ms. Kitsios told her she was having difficulty with scheduling anyone for an interview because of "some sort of emergency." (*Id.* at 86; *see also* Czapko Dep., ECF No. 42-10, at 38; Warfield Decl., ECF No. 42-11, ¶ 6). Ms. Roecker went out on maternity leave in March 2011 and did not return, explaining that she could not afford childcare on her earnings as a crew trainer. (Roecker Dep. at 111).[2] Ms. Roecker filed charges with the EEOC on July 26, 2011. (EEOC Charge, ECF No. 42-9).

## ANALYSIS

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[1] Ms. Roecker stated that Ms. Czapko told her "Hey, we're not promoting you because you're pregnant, and it's too much of a risk to have a pregnant person be a manager, because manager turnover is lot worse than crew turnover." (Roecker Dep. at 68).

[2] While she was on leave, Ms. Czapko sent several messages inquiring when Ms. Roecker would return. The raise Ms. Roecker would have received had she returned and been promoted to a management position would have been $0.25/hr. (Warfield Decl. ¶ 8).

247-48 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id.*

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

All of Ms. Roecker's claims are analyzed under the Title VII framework. Ms. Roecker seeks damages for the delay in her promotion.[3] She relies on the statement by Ms. Czapko regarding her pregnancy as direct evidence of discrimination, and does not attempt to satisfy the indirect or *McDonnell-Douglas* method of proof. "To survive summary judgment on the basis of direct or indirect evidence, [a plaintiff] must produce evidence that clearly indicates a discriminatory attitude at the workplace and must illustrate a nexus between that negative attitude and the employment action." *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 608 (4th Cir. 1999). Ms. Roecker's claim fails for two reasons.

---

[3] There is no viable claim for denial of promotion because there is no evidence she would not have been promoted had she returned to work. A delay in promotion, however, may be an adverse employment action under certain circumstances. *See Caldwell v. Johnson*, 289 F. App'x 579, 586 n.7 (4th Cir. 2008) (unpublished) (suggesting a delay in promotion could be actionable if there is "sufficient evidence . . . to link the purported delay to discrimination by [the plaintiff's] supervisors.").

First, the statement proffered as direct proof of discrimination was not made by the decision maker in this case, Operations Manager Kitsios, and there is no evidence Ms. Kitsios had any knowledge of or connection to the statement. "It is regrettable that any distasteful comments will arise in the workplace, but that cannot mean that the actual decision maker is impugned thereby." *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 301 (4th Cir. 2010) ("It is the decision maker's intent that remains crucial[.]"). Ms. Czapko, the supervisor who made the arguably discriminatory statement, reported to Operations Consultant Vivian Warfield who in turn reported to Ms. Kitsios, the only employee with the authority to promote Ms. Roecker. Ms. Roecker has adduced no evidence that Ms. Kitsios had any discriminatory intent in delaying Ms. Roecker's promotion: Ms. Kitsios cancelled not just Ms. Roecker's interviews but the others scheduled on the same days as well.[4]

Second, and relatedly, Ms. Roecker has not shown any other circumstances that might indicate discrimination, such as any evidence that the ordinary time to complete all stages of management training was shorter than the time required for Ms. Roecker. *See Young v. United Parcel Service, Inc.*, 707 F.3d 437, 449 (4th Cir. 2013) ("We therefore adhere to the majority view that where a policy treats pregnant workers and nonpregnant workers alike, the employer has complied with the [law].") There is no evidence that any employee was promoted faster than Ms. Roecker. While the delay in Ms. Roecker's promotion may have been frustrating because she did not receive one before going on maternity leave, she has adduced no evidence that, had she returned to work, she would not have been promoted as quickly as any other employee, given she had completed nearly all the required steps.

---

[4] Notably, in February 2011, Ms. Kitsios promoted another crew trainer who was pregnant at another McDonald's in Frederick, Maryland to a management position. (Warfield Decl. ¶ 9).

Accordingly, the defendant's motion will be granted by separate Order which follows.


| _____7/15/13_____ | _____/s/_____ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |